IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DERICK RENEE CRAWFORD (01),<br><br>　　　　　Defendant. | Case No. 13-40111-01-DDC |

**MEMORANDUM AND ORDER**

Before the court is pro se[1] defendant Derick Renee Crawford's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 185, 191). The government filed a Response to defendant's motion (Doc. 192). The court assesses both parties' arguments below and, for reasons explained by this Order, dismisses Mr. Crawford's motions (Docs. 185, 191).

**I.　　Factual Background**

On January 27, 2014, Mr. Crawford pleaded guilty to an Indictment (Doc. 1) on three counts: (1) committing a robbery that interfered with commerce (commonly known as a Hobbs Act robbery), violating 18 U.S.C. § 1951(a); (2) using, carrying, or brandishing a firearm in commission of a violent crime, violating 18 U.S.C. § 924(c)(1)(A); and (3) possessing a firearm as a felon, violating 18 U.S.C. § 922(g). Doc. 19 at 1–2.

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), using the 2013 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "the Guidelines"). Doc. 22 at 9 (PSR ¶ 34). Because Mr.

---

[1] Because Mr. Crawford filed his motion pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Crawford had committed a robbery, the PSR applied a base offense level of 20 under U.S.S.G. § 2B3.1. *Id.* (PSR ¶ 36). And because Mr. Crawford took a victim against her will while committing the robbery, the PSR added a four-level enhancement. *Id.* (PSR ¶ 37). But since Mr. Crawford accepted responsibility and assisted in the prosecution by timely notifying authorities of his intent to plead guilty, the PSR applied a three-level reduction. *Id.* at 10 (PSR ¶¶ 43–44). After applying the enhancement and reductions, the PSR computed a total offense level of 21. *Id.* (PSR ¶ 45). This total offense level, combined with Mr. Crawford's criminal history category of V, produced an advisory Guidelines' sentencing range of 70 months to 87 months' imprisonment. *Id.* at 25 (PSR ¶ 111). In addition, Mr. Crawford's conviction on count two— using a firearm to commit a crime of violence—carried an imprisonment range of at least seven years, served consecutively to the guideline range for his convictions on the other two counts. *Id.*

When accepting his plea agreement, Mr. Crawford waived "any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction, and the components of [his] sentence[.]" Doc. 19 at 9 (Plea Agreement § 12). He also waived "any right to challenge [his] sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255] (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), and a motion brought under Federal Rule of Civil Procedure 60(b)." *Id.* The court accepted the plea and sentenced Mr. Crawford to 84 months' imprisonment and three years of supervised release. Doc. 40 at 2–3.

In October 2018, the court reduced Mr. Crawford's sentence to time served, leaving intact his three years' supervised release. Doc. 70 at 3–4. But in September 2021, Mr. Crawford

admitted guilt to violating five terms of his supervised release, and the court sentenced him to 15 months' imprisonment—served consecutively to his sentence in an unrelated case—followed by a year of supervised release.  Doc. 158 at 1–3.

Mr. Crawford didn't appeal the 2014 conviction on the underlying crime to the Tenth Circuit Court of Appeals.  On July 18, 2022, Mr. Crawford sent a letter to the court stating that "because of the new ruling in the [*Taylor*] case, [his § 924(c)(1)(A)] conviction is no longer valid" and he asked the court to interpret his letter "as a 2255 motion."  Doc. 185.  The court then ordered the Clerk to send Mr. Crawford the district's § 2255 forms, and it ordered Mr. Crawford to supplement his letter with the information on those forms.  *See* Docket Entry for Doc. 186.  Mr. Crawford filed the current § 2255 Motion to Vacate, Set Aside, or Correct Sentence using those forms on August 19, 2022.  Doc. 191.  His motion alleges that "the intervening change in law" resulting from the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), means that 18 U.S.C. § 924(c)(1)(A) "doesn't apply to [him] anymore."  Doc. 191 at 3.  The court considers Mr. Crawford's arguments, below.

## II.     Legal Standard

Section 2255 entitles a federal prisoner to relief if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]"  28 U.S.C. § 2255(b).  Motions of this kind attack the legality of the prisoner's detention, and "must be filed in the district [court] that imposed the sentence."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citations omitted).  A § 2255 petitioner must allege facts that, if proved, would warrant relief from his conviction or sentence.  *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).  The pertinent district court then must hold an evidentiary hearing unless "the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). A court need not conduct an evidentiary hearing where a petitioner's factual allegations are inherently incredible, where they amount to conclusions instead of assertions of fact, or where they contradict the record. *See id.* If the court finds for the petitioner, "the court shall vacate and set the judgment aside" and discharge the petitioner, resentence him, or "grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III.    Analysis**

Mr. Crawford's § 2255 motion challenges his current imprisonment by arguing the invalidity of count two in his original 2014 conviction—using a firearm to commit a violent crime. Under 28 U.S.C. § 2255(f), prisoners have a one-year period in which they may file a motion to vacate their conviction. The statute provides a list of potential starting points for this one-year clock to begin running, including "the date on which the judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(1), (3).

Here, Mr. Crawford's conviction became final in 2014. Doc 40. So, he's outside the one-year limitation in § 2255(f)(1). But Mr. Crawford argues that the Supreme Court's ruling in *Taylor* means "the intervening change in law [18 U.S.C. §] 924(c) doesn't apply to [him] anymore." Doc. 191 at 3. He also correctly notes that § 2255(f)(3) provides him one year to file if a Supreme Court ruling affects his rights. Doc. 191 at 6. The Supreme Court decided *Taylor* on June 21, 2022. So, *Taylor* might render his July and August 2022 motions timely under § 2255(f)(3), but only if *Taylor* applies to his conviction.

4

But Mr. Crawford expands *Taylor* too far.  In *Taylor*, the Supreme Court affirmed the Fourth Circuit's holding that "attempted Hobbs Act robbery does not qualify as a crime of violence" for underlying charges to meet the requirements of 18 U.S.C. § 924(c).  *Taylor*, 142 S. Ct. at 2019–20.  It explained that in "a *completed* robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force.'"  *Id.* at 2020 (quoting 18 U.S.C. § 1951(c)).  In contrast, it distinguished *attempted* Hobbs Act robbery, noting that in an attempt charge "the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object[,]" but that substantial step doesn't "require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property."  *Id.*  Section 924(c) requires that the underlying "crime of violence" "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  18 U.S.C. § 924(c)(3)(A).  Because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force[,]" the Court reasoned that "attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause."  *Taylor*, 142 S. Ct. at 2021.

Mr. Crawford indisputably committed a Hobbs Act robbery.  *See* Doc. 19 at 3–4 (Plea Agreement § 2) (stating that Mr. Crawford and his co-defendant, "one armed with a handgun and the other with a can of mace, demanded money and ordered the employees not to move . . . then ran from the restaurant with approximately $592.00 in United States currency").  The government charged Mr. Crawford with and he pleaded guilty to committing Hobbs Act robbery under § 1951(a), not an *attempted* Hobbs Act robbery.  As the Supreme Court held, a completed

Hobbs Act robbery includes an element of use or threat of force.  *See Taylor*, 142 S. Ct. at 2020.  Thus, the underlying crime satisfies the element of § 924(c)(1)(A) that Mr. Crawford used a firearm to commit a crime of violence.  Neither the Supreme Court's holding in *Taylor* nor the court's reasoning here apply to the current case.  *See United States v. Brooks*, No. 20-5115, 2023 WL 1814705, at *1 (10th Cir. Feb. 8, 2023) (recognizing "that *Taylor*, which concerned use of a firearm in connection with *attempted* Hobbs Act robbery . . . does not alter the validity of . . . convictions for use of a firearm in connection with *completed* Hobbs Act robbery").

But even if *Taylor* applied to the offense that Mr. Crawford pleaded guilty to committing, neither the Supreme Court nor the Tenth Circuit has held that its holding applies retroactively.  Under the statute, the one-year period for filing a motion to vacate begins when a right "has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*[.]"  28 U.S.C. § 2255(f)(3) (emphasis added).  No court yet has held that *Taylor* applies retroactively.  And Mr. Crawford hasn't even argued that it does.  Thus, the court can't calculate Mr. Crawford's one-year filing limitation from the date of the *Taylor* decision.

Because *Taylor* doesn't apply to Mr. Crawford's conviction, the court must apply the one-year limitation from "the date on which the judgment of conviction [became] final[.]"  28 U.S.C. § 2255(f)(1).  Because Mr. Crawford's judgment became final on October 20, 2014 (Doc. 40), his § 2255 motion filed in 2022 exceeds the one-year limitation.  The court thus lacks jurisdiction to weigh the merits of Mr. Crawford's motion and must dismiss it.

In sum, Mr. Crawford's argument that *Taylor* invalidates his sentence under 18 U.S.C. § 924(c)(1)(A) fails because *Taylor* doesn't apply to completed Hobbs Act robbery.  And even if it did, the courts haven't applied the decision retroactively.  Thus, the court dismisses Mr. Crawford's motion.

### IV.      Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation cleaned up). Here, no reasonable jurist would find the court's assessment of Mr. Crawford's § 2255 motion debatable or wrong. The court thus declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Derick Renee Crawford's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docs. 185, 191) are dismissed.

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability for the ruling on Mr. Crawford's § 2255 motions are denied.

**IT IS SO ORDERED.**

**Dated this 18th day of April, 2023, at Kansas City, Kansas.**

>                             **s/ Daniel D. Crabtree**
>                             **Daniel D. Crabtree**
>                             **United States District Judge**